**FILED**
**MARCH 7, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BRENDA ADAMS, | ) | No. 39615-1-III |
| ANNETTE AGUIGUI, | ) | |
| EDWARD AGUIGUI, | ) | |
| MARISOL AGUIRRE, | ) | |
| TIMOTHY ALRASHEDY, | ) | |
| SYDNEY AUMELL, | ) | |
| HOLLY BARRUTIA, | ) | |
| SONJA BENRUD, | ) | |
| CRISTIE BINGHAM, | ) | |
| TYLER BISHOP, | ) | UNPUBLISHED OPINION |
| JULIE BRONS, | ) | |
| TEODOR BUTUI, | ) | |
| SHAWNA CADDY, | ) | |
| JESSIE CASTANEDA, | ) | |
| JOHN CHAMBERLAIN, | ) | |
| ALISON CHRISTENSEN, | ) | |
| MELISSA COLE, | ) | |
| CASSANDRA COZART, | ) | |
| JOY DAWE, | ) | |
| BREANNE FISCHER, | ) | |
| DARCI GLASS, | ) | |
| JENNIE GROCE, | ) | |
| ZOFIA GUZIKOWSKA, | ) | |
| BRENDA HAMMOND, | ) | |
| CHEYENNE HARPER, | ) | |
| NICOLE HARPER, | ) | |
| JULIE HART, | ) | |
| HEATHER HENDRICKS, | ) | |
| MARNIE HERRICK, | ) | |
| JEAN HORAN, | ) | |
| RITA HRUBY, | ) | |
| MELISSA HUSTON, | ) | |
| MARIA JAY, | ) | |
| NICOLE KELLY, | ) | |

STACY KLINGER,                                    )
REBECCA LANCASTER,                         )
NATALIE LEWIS,                                      )
MICHELE LOVE-WELLS,                        )
TRINA MATKINS,                                     )
TAYLOR MAHER,                                    )
JENESSA MARLOW,                              )
CHRISTINA MARIE,                               )
ANGELA MARTIN,                                  )
JUDITH McBRIDE,                                  )
MELISSA McDOWELL,                           )
JENNY McINNIS,                                    )
KATIE MICHAEL,                                   )
DAVID MILLER,                                     )
GAIL MILLER,                                        )
JENNIFER MOLENAAR,                         )
LYNDA MONCRIEF,                              )
DEBRA MOON,                                      )
CARLY MORRISON,                              )
MOLLY MOTOOKA,                              )
LAURA MOUNTER,                              )
REBECCA MULLIN,                             )
SHELLIE NIEBUHR,                             )
KYLA OHS,                                          )
ALTURA PASIC,                                   )
GENELLE PEPPEL,                              )
GLENN PERRY,                                    )
AMANDA PETERSEN,                          )
CYNTHIA PHILLIPS,                           )
AUBREE POTTORFF,                           )
JESSICA POTTORFF,                           )
JEANETTE POWER-COOPER,               )
CARI RIGGEN,                                     )
TRAVIS SACKWAR,                            )
PATRICIA SCHAUER,                          )
CAROLINA SHJANDEMAAR,              )
JULIE SIMMONS,                                 )

2

SUE SINCLAIR,                                )
PAIGE SIRES,                                 )
STACY STEINBURG,                             )
BRIAN STEVENS,                               )
JULIANN STEVENS,                             )
EDMOND THOMAS,                               )
DEBORAH TINCHER,                             )
BRYCE TUSSEY,                                )
CHRISTOPHER TUSSEY,                          )
MAY TUSSEY,                                  )
MARY VARGAS,                                 )
MELINDA VARGAS,                              )
JEREMIAH VOSS,                               )
SARAH VOTH,                                  )
AMY WALL,                                    )
LISA WAREHAM,                                )
MICHELLE WELTON,                             )
JONATHAN WHITE,                              )
KARINNE WHITEHALL,                           )
GENEVIEVE WILSON,                            )
KAREN WILSON,                                )
individually, and on behalf of all other     )
persons similarly situated,                   )
                                             )
                        Appellants,          )
                                             )
        v.                                   )
                                             )
CONFLUENCE HEALTH, a Non-Profit              )
Washington State Health Care Institution,    )
CENTRAL WASHINGTON HEALTH                     )
SERVICES ASSOCIATION, and                    )
WENATCHEE VALLEY HOSPITAL                     )
AND CLINICS,                                 )
                                             )
                        Respondents.         )

3

No. 39615-1-III
*Adams v. Confluence Health*

LAWRENCE-BERREY, A.C.J. — Several health care workers, formerly employed by Confluence Health or its predecessor, appeal the trial court's summary dismissal of their claims for wrongful discharge in violation of public policy and failure to accommodate a disability. The health care workers' claims arise after being terminated for not complying with Governor Jay Inslee's Proclamation 21-14.1. The proclamation, subject to disability and religious exemptions, made it a crime for the former employees to work in a health care setting unless they were fully vaccinated against COVID-19. We affirm the trial court's summary dismissal order.

FACTS

On August 20, 2021, Washington Governor Jay Inslee issued Proclamation 21-14.1. Among other directives, the proclamation prohibited health care workers from working in a clinical setting after October 18, 2021, unless they were fully vaccinated against COVID-19. The prohibition was subject to religious and disability exemptions. By its terms, a health care organization that violated the proclamation was subject to criminal penalties.

In the weeks that followed, Confluence Health moved to implement the Governor's proclamation by notifying medical staff that any nonexempt health care worker not vaccinated by October 18, 2021, would be placed on administrative leave. Confluence further informed its staff that even exempt workers likely would be

4

prohibited from working in clinical settings, given the increased risk of viral transmission associated with unvaccinated status. As a result, the accommodation Confluence offered to exempt workers was 12-weeks' administrative leave, with paid leave limited to each employee's accrued paid time off. After the 12 weeks, the exempt employee would be eligible for COBRA,[1] meaning the worker's status would be terminated.

Between October 2021 and January 2022, Confluence dismissed numerous nonexempt health care workers who had failed to comply with the proclamation as well as some exempt workers whose administrative leave had expired. In April 2022, these former employees sued Confluence for wrongful discharge in violation of public policy and for discriminatory treatment under the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW.

With respect to the wrongful discharge claim, the former employees asserted a "clear public policy" in favor of "adult persons hav[ing] the fundamental right to control their own decisions relating to bodily autonomy and the rendering of their own health care." Clerk's Papers (CP) at 252. The former employees derived this policy from (1) article I, section 7 of the Washington State Constitution, (2) *McNabb v. Department of Corrections*, 163 Wn.2d 393, 180 P.3d 1257 (2008), and (3) RCW 70.122.010.

---

[1] Consolidated Omnibus Budget Reconciliation Act of 1985, PL 99-272.

With respect to their WLAD claim, the former employees asserted both disparate treatment and failure to accommodate. Underpinning both claims was their assertion that they were disabled by virtue of Confluence perceiving their unvaccinated status to be a disability.

Confluence moved to dismiss on the pleadings pursuant to CR 12(b)(6). In response, the former employees submitted a declaration from Dr. Peter McCullough, MD, a physician with a background in public health. It was Dr. McCullough's opinion that COVID-19 vaccinations were neither safe nor effective, and that natural immunity as a result of COVID exposure was more durable than vaccine immunity.

The trial court issued a comprehensive letter opinion, supporting its decision to dismiss all claims with prejudice. Ultimately however, the trial court dismissed all claims with prejudice, except the failure to accommodate religious practices claim, which it dismissed without prejudice.

## ANALYSIS

### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

The former employees argue the trial court erred by dismissing their wrongful discharge in violation of public policy claim. We disagree, and conclude that they failed to state a clear mandate of public policy to support their claim.

No. 39615-1-III
*Adams v. Confluence Health*

*Standard of review*[2]

This court reviews summary judgment orders de novo, "applying the same inquiry as the trial court, and viewing the facts and reasonable inferences in the light most favorable to the nonmoving party." *Ramey v. Knorr*, 130 Wn. App. 672, 685, 124 P.3d 314 (2005). Where summary judgment implicates questions of law, we similarly review those questions de novo. *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 305, 96 P.3d 957 (2004). Summary judgment is appropriate where "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Kosovan v. Omni Ins. Co.*, 19 Wn. App. 2d 668, 679, 496 P.3d 347 (2021).

Thompson *or Perritt test*

Employers may not discharge employees for reasons that contravene public policy. *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 232, 685 P.2d 1081 (1984). Commonly, these claims have arisen when employers discharge employees for (1) refusing to commit illegal acts, (2) performing public duties or obligations, (3) exercising legal rights or privileges, or (4) acting as whistleblowers. *Dicomes v. State*, 113 Wn.2d 612, 618, 782 P.2d 1002 (1989). When a claim fits one of these categories, the plaintiff must show as a threshold matter that their discharge "may have

---

[2] The former employees do not argue that the trial court erred by converting Confluence's CR 12(b)(6) motion to a CR 56 motion.

been motivated by reasons that contravene a clear mandate of public policy." *Thompson*, 102 Wn.2d at 232. Upon such a showing, "the burden shifts to the employer to prove that the dismissal was for reasons other than those alleged by the employee." *Id.* at 232-33.

Here, the former employees argue that their public policy claim fits in *Dicomes'* third category, i.e., exercising legal rights or privileges. We disagree. Proclamation 21-14.1 expressly criminalized the continued presence of unvaccinated health care workers in clinical settings. Thus, violating the proclamation was not exercising a legal right or privilege.

When a wrongful discharge in violation of public policy claim does not fit neatly into one of *Dicomes'* categories, the plaintiff instead must satisfy the more intensive Perritt test. *Martin v. Gonzaga Univ.*, 191 Wn.2d 712, 723, 425 P.3d 837 (2018) (citing HENRY H. PERRITT JR., *Workplace Torts: Rights and Liabilities* (1991)). Under Professor Perritt's test, the plaintiff must show (1) the existence of a clear public policy (the clarity element), (2) that discouraging plaintiff's conduct would jeopardize the public policy (the jeopardy element), and (3) that plaintiff's conduct in furtherance of the public policy motivated their dismissal (the causation element). *Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 941, 913 P.2d 377 (1996). Even if the plaintiff shows these elements, their claim will fail if the employer can show an overriding justification for the dismissal. *Id.*

8

*Perritt's clarity element analysis*

The existence of a public policy is a question of law. *Dicomes*, 113 Wn.2d at 617. A public policy satisfies the Perritt clarity standard when it is "clear and truly public." *Jane Roe v. TeleTech Customer Care Mgmt. (Colo.) LLC*, 171 Wn.2d 736, 757, 257 P.3d 586 (2011). A court may discern public policy from "'the letter or purpose of . . . constitutional, statutory, or regulatory provision[s] or scheme[s]. Prior judicial decisions may also establish . . . public policy.'" *Thompson*, 102 Wn.2d at 232 (quoting *Parnar v. Am. Hotels, Inc.*, 65 Haw. 370, 380, 652 P.2d 625 (1982)).

Here, Governor Inslee issued Proclamation 21-14.1 in response to a worldwide pandemic. "It is well recognized that the COVID-19 pandemic [was] both a public disorder and a disaster affecting life and health." *In re Recall of Inslee*, 199 Wn.2d 416, 424, 508 P.3d 635 (2022). There, in a unanimous opinion, our Supreme Court implied that various proclamations issued by Governor Inslee in response to the COVID-19 pandemic were valid exercises of the Governor's proclamation power. *See id. at* 434. So, rather than argue that Proclamation 21-14.1 was invalid, the former employees focus on Confluence's decision to terminate them. In essence, the former employees argue that Confluence violated clear public policy by terminating them rather than allowing them to engage in activity made criminal by the proclamation. The argument is nonsensical, and we reject it on its face.

FAILURE TO ACCOMMODATE

The former employees argue the trial court improperly dismissed their failure to accommodate claim. Because the former employees fail to allege a qualifying disability, we disagree.

An employee claiming failure to accommodate under WLAD must show (1) they suffered from a disability, (2) they were qualified for the job, (3) their employer received notice of the disability, and (4) their employer failed to accommodate that disability. *Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 586, 459 P.3d 371 (2020).

WLAD recognizes as a qualifying disability any "sensory, mental, or physical impairment" that is "medically cognizable or diagnosable" or "[e]xists as a record or history." RCW 49.60.040(7)(a)(i), (ii). Because a disability qualifies for accommodation only once it is "known or shown through an interactive process to exist in fact," perceived disabilities do not meet the standard. RCW 49.60.040(7)(d).

The former employees argue they were disabled such as to warrant accommodations because Confluence *perceived* their unvaccinated status to be an impairment limiting their job performance. Because perceived disabilities do not qualify for accommodation under WLAD, this argument is unpersuasive. RCW 49.60.040(7)(d).

In addition, a disability warrants accommodation only if it is a "sensory, mental, or physical impairment" that is "medically cognizable or diagnosable" or "[e]xists as a

10

record or history." RCW 49.60.040(7)(a)(i), (ii). RCW 49.60.040(7)(c)[3] offers several

illustrative examples of qualifying "impairment[s]." A common feature of the examples

is they are sensory, mental, or physical conditions that can impair one's ability to perform

job functions. Construing "impairment" as so limited, vaccination status is not an

impairment because being unvaccinated neither impairs one's sensory, mental, or

physical capacities nor impedes one's job performance. To the extent the trial court

summarily dismissed the failure to accommodate claims of those former employees who

had *not* pleaded they were exempt from the proclamation, we affirm the trial court.

The record before us indicates that Confluence had a policy of placing

unvaccinated employees claiming exempt status on administrative leave, and eventually

terminating them. Yet no former employee provided a sworn declaration asserting that

this actually happened in their case. The failure of any former employee to submit facts

sufficient to support their claim is fatal. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 140-

41, 331 P.3d 40 (2014) (To defeat summary judgment, a party must present more than

---

[3] RCW 49.60.040(7)(c) provides in relevant part:
> For purposes of [the definition of "disability"], "impairment" includes, but
> is not limited to:
>> (i) Any physiological disorder, or condition, cosmetic
> disfigurement, or anatomical loss affecting one or more [listed] body
> systems . . .; or
>> (ii) Any mental, developmental, traumatic, or psychological
> disorder, including but not limited to cognitive limitation, organic brain
> syndrome, emotional or mental illness, and specific learning disabilities.

No. 39615-1-III
*Adams v. Confluence Health*

ultimate facts and conclusory statements, and the evidence presented must be admissible.). For this reason, to the extent the trial court summarily dismissed the failure to accommodate claims of former employees who *had* pleaded they were exempt from the proclamation, we also affirm the trial court.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J., A.C.J.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Staab, J.

Cooney, J.